UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL NO. 1:92-CR-22 |
| v. | : |
| | : |
| JOHN CHARLES KENNEY, | : |
| Defendant | : |

*M E M O R A N D U M*

*I.        Introduction*

Before this Court is Defendant John Charles Kenney's motion to correct his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. 58). Defendant challenges the sentencing enhancement he received under the then-mandatory career offender guideline of § 4B1.2 of the United States Sentencing Guidelines (U.S.S.G. or Guidelines). (Id. at 3-4). We will hold the motion in abeyance until the United States Supreme Court issues an opinion in Beckles v. United States, 136 S. Ct. 2510 (2016).

*II.       Background*

On August 17, 1992, Defendant was convicted by a jury of bank robbery, 18 U.S.C. § 2113(a). (Doc. 39). On October 27, 1992, a Presentence Report (PSR) was prepared, which calculated Defendant's Base Offense Level as 20 under U.S.S.G. § 2B3.1. (PSR ¶ 9). A four-level enhancement was applied due to the crime involving the property of a financial institution and an expressed threat of death, U.S.S.G. § 2B3.1(b)(1), (2)(D). (PSR ¶ 10). An additional eight-level enhancement was added because Defendant was a career offender pursuant to the career offender guideline, U.S.S.G. § 4B1.2, as he committed two prior crimes of violence before the instant offense.

1

(PSR ¶¶ 14, 16). The PSR did not identify which of Defendant's prior convictions qualified as crimes of violence, but included convictions for robbery in 1986 and armed bank robbery in 1992.[1] (PSR ¶¶ 19, 22). Defendant's Total Offense Level was 32 and his criminal history was category VI, yielding a Guideline range of 210 to 262 months' imprisonment, which was capped at a statutory maximum of 240 months' imprisonment pursuant to 18 U.S.C. § 2113(a). (PSR ¶¶ 14, 26).

In November 1992, this court sentenced Defendant to fifty months' imprisonment and five years of supervised released, which ran consecutive to an undischarged sentence of 262 months' imprisonment that had already been imposed by the Western District of Pennsylvania. (Docs. 44 & 46); (PSR ¶¶ 34-36). On July 19, 1993, the Third Circuit affirmed Defendant's conviction and sentence. (Doc. 55). More than two decades later, on June 17, 2016, Defendant filed the instant, initial motion to vacate his sentence under 28 U.S.C. § 2255, arguing that, in light of the Supreme Court's recent decision in Johnson, he no longer qualifies as a career offender and his sentence under U.S.S.G. § 4B1.2(a) violates due process of law. (Doc. 58 at 3).

III.     *Discussion*

As an initial matter, although neither party raises the issue, we begin by discussing the timeliness of Defendant's motion, which we are permitted to do *sua sponte*. See United States v. Bendolph, 409 F.3d 155, 165 n.15, 168 (3d Cir. 2005). A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The beginning date for that one-year limitations period is not universal, but depends upon the motion's allegations. Here, Defendant's § 2255 motion is not timely under § 2255(f)(1) because he

---

[1] Although the PSR reveals convictions for simple assault, escape, theft, and criminal mischief, the parties' briefing demonstrates that his convictions for robbery and armed bank robbery are most relevant to his designation as a career offender. (Docs. 58 at 6; 69 at 23-25).

filed the motion more than one year after his judgment of conviction became final. Moreover, the motion is not timely under § 2255(f)(2) or (f)(4) because Defendant alleges no unlawful governmental action that prevented him from filing, and provides no evidence of newly discovered facts that would affect his sentence.

Therefore, although not addressed by the parties, the most likely avenue for this initial 2255 motion is § 2255(f)(3), which allows a defendant to file a motion seeking to collaterally attack his sentence within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" 28 U.S.C. § 2255(f)(3); see also Dodd v. United States, 545 U.S. 353, 357–58 (2005) (explaining that § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right, not the date that the new right was made retroactive). By its plain language, § 2255(f)(3) clearly states that the "right" relied on by a defendant must be newly recognized "*by the Supreme Court.*" 28 U.S.C. § 2255(f)(3) (emphasis added). The recognition of a new right by any other court does not confer on a defendant the ability to collaterally attack his sentence through § 2255(f)(3).

Here, Defendant filed the instant § 2255 motion within one year of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and he argues that Johnson entitles him to relief because it established a new "right" applicable to his case and made retroactive to cases on collateral review by Welch v. United States, 136 S.Ct. 1257 (2016). In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. 135 S. Ct. at 2563. This holding was a new substantive rule of constitutional law that was made retroactive to

ACCA-residual-clause cases on collateral review. Welch, 136 S. Ct. at 1262. Here, however, Defendant was not sentenced under, and therefore does not challenge, the residual clause of the ACCA, as provided for in Johnson and Welch, but rather challenges the sentencing enhancement he received from an application of the career offender guideline, U.S.S.G. § 4B1.2(a)(2). Although § 4B1.2(a)(2) contains an identically worded residual clause as that found in the ACCA, it is unclear whether the Supreme Court, through Johnson or Welch, has established a new "right" that would permit a defendant to collaterally challenge, through § 2255(f)(3), the constitutionality of a sentence allegedly enhanced by § 4B1.2(a)(2)'s residual clause. See United States v. Mason, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *4 (E.D. Wash. Nov. 16, 2016) ("Section 2255 does not permit a [movant] to cite Supreme Court authority in name only as a hook to ask the court to consider the merits of an argument unrelated to or distinct from the new rule recognized by the Court.").

In Welch, the Supreme Court held that the new "rule"—or "right" for purposes of §2255(f)(3)[2]—that it set forth in Johnson "solely pertained to [the] ACCA." Mason, 2016

---

[2] We note that although the language of § 2255(f)(3) requires the establishment of a "right [that] has been newly recognized by the Supreme Court" for initial 2255 motions, § 2255(h)(2) sets forth a slightly different standard, permitting second or successive 2255 motions where there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." See 28 U.S.C. §§ 2255(f)(3), (h)(2). The Third Circuit has "read the requirement of a newly recognized right as broader than the 'new rule of constitutional law' expressly required for second or successive § 2255 motions." United States v. Lloyd, 188 F.3d 184, 187 (3d Cir. 1999). However, "[a]lthough the terminology used in § 2255(f)(3) is slightly different, it seems unlikely that Congress meant to trigger the development of a new body of law that distinguishes rights that are 'newly recognized' from rights that are recognized in [a] 'new rule' under established retroactivity jurisprudence." Headbird v. United States, 813 F.3d 1092, 1095 (8th Cir. 2016). As such, several circuits have equated the two inquiries. See id. (citing Butterworth v. United States, 775 F.3d 459, 464–65 (1st Cir. 2015); United States v. Mathur, 685 F.3d 396, 398–99 (4th Cir. 2012); Figuereo–Sanchez v. United States, 678 F.3d 1203, 1207 (11th Cir.2012)); see also Donnell v. United States, 826 F.3d 1014, 1016 (8th Cir. 2016) ("Section 2255(h)(2) should be construed *in pari materia* with § 2255(f)(3), as the limitations provision undoubtedly was designed to accommodate second or successive motions authorized under § 2255(h)(2).").

4

WL 6803098, at *4. In fact, the Court in Johnson rejected the "suggestion that its decision called into question the residual clauses in 'dozens of federal and state criminal laws' using similar terms," id. (citing Johnson, 135 S. Ct. at 2561), and the Court in Welch confirmed that its Johnson decision "cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion,'" id. (quoting Welch, 136 S. Ct. at 1262). In Welch, the Court even clarified that "the rule announced in Johnson" changed the "substantive reach of the [ACCA]"; the decision said nothing of the career offender guideline. 136 S. Ct. at 1265. In short, neither Johnson nor Welch sweeps so broadly so as to create a newly recognized "right" that encompasses collateral challenges to the vagueness of the career offender guideline's residual clause. See Donnell v. United States, 826 F.3d 1014, 1015 (8th Cir. 2016) ("Whether an advisory sentencing guideline is susceptible to a vagueness challenge is . . . . reasonably debatable, and the answer is not dictated by Johnson."); United States v. Willis, No. 1:16-CV-815, 2016 WL 5219589, at *3 n.7 (E.D. Va. Sept. 20, 2016) (interpreting the "right" announced in Johnson to be its narrow "holding that the ACCA residual clause is unconstitutionally vague").

Moreover, the requirement of 28 U.S.C. § 2255(f)(3) is clear that, to permit a collateral challenge, the "right" must be initially recognized *by the Supreme Court*, not by this court or by the circuit courts. Because § 2255(f)(3) explicitly requires the right to be initially recognized by the Supreme Court, we also note that the Third Circuit's holding in United States v. Calabretta, 831 F.3d 128, 133-34 (3d Cir. 2016) (finding career offender guideline's residual clause unconstitutionally vague in light of Johnson) is not relevant to our § 2255(f)(3) inquiry because that case involved a direct appeal of—not a collateral

5

challenge to—the constitutionality of the career offender guideline. Id. at 131-33. Suffice it to also say that the Third Circuit is not the Supreme Court, and cannot initially recognize a new right for purposes of a defendant's collateral attack under § 2255(f)(3).

We also decline to go as far as other courts' decisions in this district in United States v. Jackson, 3:11-CR-211, slip op. at 3-5 (M.D. Pa. Nov. 9, 2016); United States v. Stanford, 3:08-CR-307, slip op. at 8-12 (M.D. Pa. Oct. 18, 2016); or United States v. Swerdon, No. 3:12-CR-87, __ F. Supp. 3d __, 2016 WL 4988065, at *3-4 (M.D. Pa. Sept. 19, 2016). Although the motions in these cases were apparently filed pursuant to § 2255(f)(3), none of the courts' decisions analyze that statute's procedural hurdle of whether the "right" the Supreme Court recognized in Johnson and Welch encompassed a void-for-vagueness challenge to the career offender guideline's residual clause, as opposed to only the residual clause of the ACCA. Rather, in each case, the court determined that the career offender guideline was unconstitutional in light of Calabretta, and then addressed the retroactivity of such a holding. See, e.g., Swerdon, 2016 WL 4988065, at *3-4. The decisions did not acknowledge—likely because it was not argued— that, under § 2255(f)(3), the *Supreme Court* has yet to create a new "right"—or "rule"— with respect to void-for-vagueness constitutional challenges to the career offender guideline's residual clause. See Mason, 2016 WL 6803098, at *3-4 (emphasizing that the "initial recognition of the new rule must come from the Supreme Court, *not from this court*," and noting that although "many courts have passed by the gatekeeping of § 2255(f)(3) and proceeded to the merits, often because the Government has conceded this point, some courts have not").

In this case, we find that Defendant's motion "seeks to assert a new right that has not [yet] been recognized by the Supreme Court." Donnell, 826 F.3d at 1017. Instead, Defendant "urges the creation of a second new rule that would apply Johnson and the constitutional vagueness doctrine to a provision of the [then-mandatory] sentencing guidelines." Id. We decline to do so, not only because § 2255(f)(3) explicitly requires that such a right be initially recognized by the Supreme Court, but also because the Supreme Court is poised to decide whether such a new right exists.

To wit, the issues of the constitutionality of the residual clause of the career offender guideline, and whether the advisory[3] guideline is subject to an attack on collateral review, are currently before the Supreme Court, which recently heard oral argument in the case. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), cert. granted, 136 S. Ct. 2510 (2016); Tr. of Oral Arg. at 1, Beckles v. United States, 136 S. Ct. 2510 (Nov. 28, 2016) (No. 15-8544). The Supreme Court's much-anticipated decision in Beckles will—hopefully—resolve the issue of whether or not there is a newly established "right," under Johnson or Beckles itself, to collaterally challenge the constitutionality of sentences allegedly enhanced by the career offender guideline's residual clause. See, e.g., In re: Embry, 831 F.3d 377, 382 (6th Cir. 2016) ("After the Supreme Court resolves some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently.").

---

[3] This court is acutely aware that Defendant was sentenced under the pre-Booker, mandatory guidelines, and that a decision in Beckles may only resolve a void-for-vagueness collateral challenge to a post-Booker application of the now-advisory guidelines. Nonetheless, a decision in Beckles may provide meaningful insight into the threshold question of whether a new right exists that encompasses a collateral challenge to the career offender guideline's residual clause. The Supreme Court's decision and rationale in Beckles—whether or not it establishes such a new right—will better equip this court to address what significance, if any, the characterization of mandatory versus advisory has in establishing a new right under the guidelines.

7

Nonetheless, the Supreme Court has not yet established a "right [that] has been newly recognized" under 28 U.S.C. § 2255(f)(3) so as to permit a collateral attack to constitutionality of the career offender guideline's residual clause, causing at least several circuit courts to order district courts to hold cases in abeyance, pending the outcome of Beckles. See In re Patrick, 833 F.3d 584, 589-90 (6th Cir. 2016); Blow v. United States, 829 F.3d 170, 173 (2d Cir. 2016). In accord with these decisions, we conclude that, under § 2255(f)(3), the most appropriate resolution of Defendant's motion is to hold the motion in abeyance, pending the Supreme Court's decision in Beckles.

*IV.*     *Conclusion*

Defendant's initial § 2255 motion as it pertains to a collateral challenge to the residual clause of the career offender guideline in light of Johnson will be held in abeyance pending the Supreme Court's decision in Beckles, at which time we will consider the timeliness of the motion and, if necessary, its merits. An appropriate order will issue.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 7, 2016