UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL NO. 1:92-CR-22 |
| v. | : |
| | : |
| JOHN CHARLES KENNEY, | : |
| Defendant | : |

*M E M O R A N D U M*

*I.     Introduction*

Before the court is Defendant John Charles Kenney's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 58). For the reasons that follow, we will dismiss the motion, but will issue a certificate of appealability.

*II.     Background*

On August 17, 1992, Defendant was convicted by a jury of bank robbery, 18 U.S.C. § 2113(a). (Doc. 39). On October 27, 1992, a Presentence Investigation Report (PSR) was prepared, which calculated Defendant's Base Offense Level as 20 under the United States Sentencing Guidelines (U.S.S.G. or Guidelines), U.S.S.G. § 2B3.1. (PSR ¶ 9). A four-level enhancement was applied due to the crime involving the property of a financial institution and an expressed threat of death, U.S.S.G. § 2B3.1(b)(1), (2)(D). (Id. ¶ 10). An additional eight-level enhancement was added because Defendant was designated as a career offender pursuant to U.S.S.G. § 4B1.2(a), as he had committed two prior crimes of violence before the instant offense. (Id. ¶¶ 14, 16). The PSR did not identify which of Defendant's prior convictions qualified as crimes of violence, but included convictions for robbery in 1986 and armed bank robbery in 1992. (Id. ¶¶ 19, 22). Defendant's Total Offense Level was 32 and his criminal history was category VI, yielding

a Guidelines range of 210 to 262 months' imprisonment, which was capped at a statutory maximum of 240 months' imprisonment pursuant to 18 U.S.C. § 2113(a). (Id. ¶¶ 14, 26, 33). The PSR explained that because of an undischarged term of imprisonment imposed in the Western District of Pennsylvania, and pursuant to U.S.S.G. § 5G1.3, "the court will need to impose a consecutive sentence of at least fifty months." (Id. ¶ 35).

In November 1992, the court sentenced Defendant to fifty months' imprisonment and five years of supervised released, which would run consecutive to an undischarged sentence of 262 months' imprisonment that had already been imposed in the Western District of Pennsylvania. (Id. ¶¶ 34-36; Doc. 46). On July 19, 1993, the Third Circuit affirmed Defendant's conviction and sentence. (Doc. 55).

On June 17, 2016, Defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255, arguing that, in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he no longer qualifies as a career offender and his sentence under U.S.S.G. § 4B1.2(a) violates due process of law. (Doc. 58 at 3). The instant motion is Defendant's first § 2255 motion.

*III.     Discussion*

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally void for vagueness. 135 S. Ct. at 2563. One year later, in Welch v. United States, the Supreme Court held that Johnson created a new substantive rule of constitutional law that was retroactive to ACCA-residual-clause cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Because the career offender guideline contained an identically worded residual clause, see U.S.S.G. § 4B1.2(a)(2) (1992), Defendant argues in his motion that

he was sentenced under that guideline's residual clause and that "[a]lthough Johnson addressed the residual clause in the ACCA, the decision also applies to the definition of [a] crime of violence set forth in the sentencing guidelines."[1]  (Doc. 58 at 4).  As such, Defendant argues that Johnson and Welch entitle him to relief because they established a new right made retroactive to cases, like his, on collateral review.  (Doc. 58 at 3-6).

Unsure of whether the Supreme Court would extend its holding in Johnson regarding the constitutionality of the ACCA's residual clause to the identically worded residual clause of the career offender guideline, we held Defendant's motion in abeyance until the Supreme Court issued a decision in Beckles v. United States, 137 S. Ct. 886 (Mar. 7, 2017).  See United States v. Kenney, No. 1:92-CR-22, 2016 WL 7117919, at *4 (M.D. Pa. Dec. 7, 2016).

In our prior decision holding the motion in abeyance, we noted that Defendant's motion was subject to a one-year statute of limitations and that the "most likely avenue" for the motion to be timely was under 28 U.S.C. § 2255(f)(3), "which allows a defendant to file a motion seeking to collaterally attack his sentence within one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"  Id. at *2 (quoting 28 U.S.C. § 2255(f)(3)).  In that decision, we clarified that the Supreme Court's opinions in Johnson and Welch only applied to void-for-vagueness challenges to the ACCA's residual clause, and elaborated that neither case "sweeps so broadly so as to create a newly recognized 'right' that encompasses collateral challenges to the vagueness of the career offender guideline's

---

[1] The residual clause of U.S.S.G. § 4B1.2(a)(2) was removed in the 2016 amendments to the Guidelines.  See United States v. Graves, No. 1:15-CR-158-001, 2016 WL 5934205, at *2 (M.D. Pa. Oct. 12, 2016).

3

residual clause." Id. at *3. We reasoned that Defendant's instant motion sought to assert the creation of a second new right—or rule—that would apply Johnson and the constitutional vagueness doctrine to the career offender guideline's residual clause. Id. at *4. We held Defendant's motion it in abeyance because, in Beckles, "the Supreme Court [was] poised to decide whether such a new right exists." Id.

In Beckles, the Supreme Court explained that its decision in Johnson, holding the ACCA's residual clause unconstitutional, did not extend to the residual clause of the advisory career offender guideline. 137 S. Ct. at 890. The Court held that U.S.S.G. § 4B1.2(a)(2) of "the advisory Guidelines [is] not subject to vagueness challenges under the Due Process Clause." Id. Distinguishing its holding in Johnson, the Court in Beckles relied on the distinction between the effect at sentencing of the discretionary nature of the advisory Guidelines and mandatory statutes like the ACCA:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 892.

In holding Defendant's § 2255 motion in abeyance, we anticipated that the instant motion would not necessarily be squarely addressed by the Supreme Court's decision in Beckles because Defendant was sentenced pursuant to the pre-Booker[2] career offender guideline, when the Guidelines were mandatory. Id. at *4. As we stated:

> This court is acutely aware that Defendant was sentenced under the pre-Booker, mandatory guidelines, and that a decision in Beckles may only resolve a void-for-vagueness collateral challenge to a post-Booker

---

[2] United States v. Booker, 543 U.S. 220, 245 (2005) (holding that the Guidelines were "effectively advisory").

4

> application of the now-advisory guidelines. Nonetheless, a decision in Beckles may provide meaningful insight into the threshold question of whether a new right exists that encompasses a collateral challenge to the career offender guideline's residual clause. The Supreme Court's decision and rationale in Beckles—whether or not it establishes such a new right—will better equip this court to address what significance, if any, the characterization of mandatory versus advisory has in establishing a new right under the guidelines.

Id. at *4 n.3.

In Beckles, by adhering to the "distinction between mandatory and advisory," the Supreme Court "le[ft] open the question [of] whether defendants sentenced to terms of imprisonment before [Booker] . . . may mount vagueness attacks on their sentences." Beckles, 137 S. Ct. at 903 n.3 (Sotomayor, J., concurring in judgment). That issue, which is currently raised by Defendant's § 2255 motion, was "not presented" by Beckles and the Supreme Court took "no position on its appropriate resolution." Id. Accordingly, the Supreme Court in Beckles did not create a newly established right to challenge the vagueness of the pre-Booker mandatory Guidelines under the Due Process Clause.

Following Beckles, it is clear that the Supreme Court's decisions in "Johnson and Welch did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses." United States v. Ojeda, No. 8:01CR196, 2017 WL 1495981, at *3 (D. Neb. Apr. 26, 2017). Therefore, we reiterate our finding that Defendant's instant § 2255 motion seeks "an extension, not an application, of the rule announced in Johnson." Id. Defendant's motion requires the court to "announce a second new rule that extends Johnson to the [mandatory] sentencing guidelines." Id. (quoting Donnell v. United States, 826 F.3d 1014, 1015 (8th Cir. 2016)). "Section 2255(f)(3), however, requires the recognition of such a rule to 'come from the Supreme Court, not from this [c]ourt.'" Id. (quoting United States v. Mason, No. 2:10-CR-

5

0080-LRS-1, 2016 WL 6803398, at *4 (E.D. Wash. Nov. 16, 2016)); see also Kenney, 2016 WL 7117919, at *2-3.

We find that Defendant asks the court to extend the rule announced in Johnson to § 4B1.2(a)(2) of the pre-Booker mandatory Guidelines. See United States v. Beraldo, No. 3:03-CR-00511-AA, 2017 WL 2888565, at *2 (D. Or. July 5, 2017) ("The right asserted by defendant is the right not to be subjected to a sentence enhanced by a vague mandatory sentencing guideline. . . . [A]fter Beckles, it is doubtful that right is the same right recognized in Johnson."). Because such an extension of Johnson requires the court to create a new rule, and because the plain language of 28 U.S.C. § 2255(f)(3) reserves the creation of such a rule—or right—to the Supreme Court, Defendant may not rely upon § 2255(f)(3) for the timeliness of his filing of the instant motion. Virtually all district courts that have addressed this issue are in agreement,[3] and have either dismissed or denied as

---

[3] See, e.g., United States v. Ward, No. 01-CR-40050-01-DDC, 2017 WL 3334644, at *2 (D. Kan. Aug. 4, 2017) ("[N]early every court that has answered this question . . . ha[s] dismissed such § 2255(f) motions as untimely."); Beraldo, 2017 WL 2888565, at *2 ("It appears that all federal courts to have considered this question have reached the same conclusion. . . . In view of this growing consensus and the Court's decision in Beckles, I conclude that defendant cannot rely on 28 U.S.C. § 2255(f)(3) to make his petition timely because the right he asserts has not been recognized by the Supreme Court."); Mitchell v. United States, No. 3:00-CR-00014, 2017 WL 2275092, at *7 (W.D. Va. May 24, 2017) ("As [Petitioner's] challenge to his sentence under the mandatory Guidelines is not strictly governed by the right recognized in [Johnson], the right he is asserting is not a newly recognized right or rule that would permit his claim to overcome § 2255's procedural hurdles. Because the Court concludes that Petitioner's motion is barred under §§ 2255(f)(3) and 2255(h)(2), the Court will not address the merits of Petitioner's claim nor other procedural arguments raised."); Linder v. United States, No. 5:03-CR-00041-RLV-1, 2017 WL 2190067, at *3 (W.D.N.C. May 18, 2017) ("[T]hose courts that have addressed arguments similar to the one raised by [the defendant] have held that, although Beckles is not dispositive against vagueness challenges to U.S.S.G. § 4B1.2(a) for pre-Booker sentences, such claims generally do not fall within § 2255(f)(3) for timeliness purposes because Johnson did not recognize a right applicable to the Guidelines."); Hodges v. United States, No. C16-1521JLR, 2017 WL 1652967, at *2–3 (W.D. Wash. May 2, 2017) ("However, Mr. Hodges seeks to extend, not apply, the rule announced in Johnson. Until further pronouncement of the Supreme Court concerning the applicability of Johnson to the Guidelines as they were applied prior to Booker, Mr. Hodges's collateral attack on the residual clause in USSG § 4B1.2(a)(2) does not meet the requirements of 28 U.S.C. § 2255(f)(3)."); Ojeda, 2017 WL 1495981, at *4.

6

time-barred under § 2255(f)(3) Johnson-based § 2255 motions that challenge the vagueness of the pre-Booker, mandatory career offender guideline's residual clause. See United States v. Ward, No. 01-CR-40050-01-DDC, 2017 WL 3334644, at *2-3 (D. Kan. Aug. 4, 2017). Therefore, we find that Defendant's § 2255 motion is premature in the sense that the Supreme Court in neither Johnson, Welch, nor Beckles established a new right to challenge the mandatory, pre-Booker Guidelines as being subject to void-for-vagueness under the Due Process Clause. As such, we will dismiss Defendant's motion as time-barred.[4]

We will grant a certificate of appealability (COA), although we recognize that district courts appear divided on this issue. See, e.g., Ward, 2017 WL 3334644, at *3; Davis v. United States, No. 16-C-747, 2017 WL 3129791, at *7 (E.D. Wis. July 21, 2017); but see Miller v. United States, No. 2:16CV589DAK, 2017 WL 2937949, at *3 (D. Utah July 10, 2017). "Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to 'issue or deny a certificate of appealability when it enters a final order adverse' to the petitioner." Ward, 2017 WL 3334644, at *3. "A court may grant a [COA] . . . only 'if the applicant has made a substantial showing of the denial of a constitutional right.'" Id. (quoting 28 U.S.C. § 2253(c)(2)). "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

---

[4] Although we are dismissing Defendant's motion, we do so without prejudice and add that our dismissal does not preclude Defendant from reasserting his claim if the Supreme Court were to announce a new right that the pre-Booker, mandatory Guidelines are subject to void-for-vagueness challenges under the Due Process Clause.

7

its procedural ruling." Id. (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Here, although the Supreme Court has not announced a new right to challenge the mandatory Guidelines as void for vagueness under the Due Process Clause, we do conclude that reasonable jurists could debate whether such a new right exists in light of Johnson and the Supreme Court's distinction in Beckles between the advisory Guidelines and mandatory statutes like the ACCA. Therefore, we will grant a certificate of appealability on the issue of whether a new right exists to challenge the mandatory Guidelines under the Due Process Clause so as to make Defendant's motion timely under § 2255(f)(3).

IV.     *Conclusion*

In sum, Defendant asks the court to extend the new rule of constitutional law announced in Johnson to the pre-Booker Guidelines. Johnson did not establish such a right, and, after Beckles, the Supreme Court left open the question of whether such a new rule—or right—exists. Because § 2255(f)(3) requires Defendant's motion to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," and because the Supreme Court has not yet established such a new right to challenge the mandatory Guidelines as void-for-vagueness, we will dismiss Defendant's motion as time-barred. However, we will grant a certificate of appealability. We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge